FILED
98 MAR 25 PM 3:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALABAMA SOUTHERN CHRISTIAN }
LEADERSHIP CONFERENCE, }
                                  }
     Plaintiff, }
                                  }    CASE NO. CV 97-B-1201-S
v. }
                                  }
PYRAMID ENTERTAINMENT }
GROUP, INC., NUTTIN NYCE, N II }
U; JOYA, BLACK STREET, }
                                  }
     Defendants. }

ENTERED
MAR 25 1998

## MEMORANDUM OPINION

This case is before the court on the Motion For Stay Of Civil Proceedings filed by defendant, Pyramid Entertainment Group, Inc. ("Pyramid"), on May 14, 1997. Pyramid moves the court, pursuant to 9 U.S.C. § 3, to enter an Order staying this action because the claims asserted against Pyramid by the Alabama Southern Christian Leadership Conference ("ASCLC") are subject to arbitration in New York, New York.[1]

On or about June 2, 1995, ASCLC entered into several Artist Engagement Contracts with musical entertainment groups, called "BlackStreet," "Joya," "Nuttin Nyce" and "N II U"

---

[1] 9 U.S.C. § 3 of the Federal Arbitration Act provides that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.



(the "Artists"). See Exhibits A, B, C and D attached to defendant's Motion For Stay Of Civil Proceedings. The Contracts executed by ASCLC contain an arbitration agreement, which provides as follows:

> Any claim or dispute arising out of or relating to this agreement or the breach thereof shall be settled by arbitration in New York, New York, in accordance with the rules and regulations then obtaining of the American Arbitration Association governing three-member panels. The parties hereto agree to be bound by the award in such arbitration and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

On or about April 8, 1997, ASCLC filed this civil action in Jefferson County, Alabama, against Pyramid and the Artists. In its Complaint, ASCLC alleges that the Artists and Pyramid represented to ASCLC that the Artists would perform at a "Summit" to be held on July 1, 1995, in Birmingham, Alabama, under certain conditions, that these conditions were met, and that the Artists failed to perform as agreed. ASCLC alleges that the Artists and Pyramid made material misrepresentations and omitted material facts in order to induce ASCLC to execute the Contracts. ASCLC asserts claims against Pyramid and the Artists for fraud and breach of contract. The Complaint prays for compensatory and punitive damages.

Pyramid asserts that the transactions between ASCLC and the Artists involved interstate commerce because ASCLC, an Alabama nonprofit organization, entered into contracts with the Artists, who are individuals residing in the States of New York and New Jersey, whereby the Artists would provide services to ASCLC.

Although Pyramid is not a signatory to the contracts containing the arbitration clause, the Eleventh Circuit Court of Appeals has held that when a signatory to a contract containing

an arbitration clause asserts claims against a nonsignatory, the nonsignatory may compel arbitration if such claims are "intimately founded in and intertwined with the underlying contract obligations." *McBro Plaining and Development Co. v. Triangle Electric Construction Co.*, 741 F.2d 342, 344 (11th Cir. 1984) (quoting *Hughes Masonry Co. v. Greater Clark County School Bldg. Corp.*, 659 F.2d 836, 841 n. 9 (7th Cir. 1981). Pyramid asserts that the claims brought against Pyramid by ASCLC are "intimately founded in and intertwined with the underlying contract obligations." *McBro*, 741 F.2d at 344, and are therefore, subject to the written arbitration agreement between ASCLC and the Artists.

On May 19, 1997, the court entered an Order directing plaintiff to file any opposition to the Motion For Stay Of Civil Proceedings on or before June 7, 1997. Plaintiff did not file any opposition and plaintiff's counsel orally informed the court's clerk that plaintiff did not intend to oppose the Motion.

Therefore, upon consideration of the Motion, the Exhibits thereto, and the relevant law, the court is of the opinion that the Motion To Stay is due to be granted. An order granting the Motion will be entered contemporaneously with this Opinion.

DONE this 25th day of March, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge